**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM:ASHENHURST II,

        Plaintiff,

v.

27TH DISTRICT COURT, JUDGE RANDY
KALMBACH, DENISE THIVIERGE,

        Defendant.

CIVIL CASE NO. 07-14495
HON. MARIANNE O. BATTANI

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO**
**PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiff's application and affidavit, and for the reasons that follow, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis* and **DISMISSES** the Complaint.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs by a person who submits an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The district court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.), cert. denied, 488 U.S. 941 (1988).

1

Plaintiff's claim of indigence is supported by his application. Plaintiff claims savings of $5.00, no real estate, and the only property of value is a 1987 Pontiac Firebird. See Application at 2. Based on his affidavit, the Court concludes that paying the filing fee is beyond Plaintiff's means. Consequently, the Court grants Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

Even when a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in § 1915(e)(2). Specifically, the district court is obliged to dismiss a civil complaint if it "fail[s] to state a claim upon which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii). Section 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
>   (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court is mindful that a *pro se* litigant's complaint is to be construed liberally, Jourdan v. Jabe, 951 F.2d 108, 100 (6th Cir. 1991), and is held to "less stringent standards" than a complaint drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed.R.Civ.P. 12(b); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716 (6th Cir.1996) (observing that the court is not required to accept summary allegations or unwarranted

legal conclusions in determining whether complaint states a claim for relief); Dekoven v. Bell, 140 F.Supp.2d 748, 755 (E.D. Mich. 2001).

"A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements." Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988). District courts are not required to conjure up legal theories or supply additional factual allegations because a plaintiff is pro se. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). Imposing such a duty on the district court would "transform" it "from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id.

Reviewing Plaintiff's very sparse Complaint, the Court can discern only that Plaintiff alleges that he is currently being tried on a traffic violation before a state court judge against whom he has filed a separate suit and who has failed to recuse himself. Plaintiff would like the Court to stay this action and prevent the judge from suspending his driver's license until the suit can be resolved. Plaintiff does not state which law he believes is being violated, but because the complaint is labeled "Federal Question" and he claims that his "license is being threatened to be suspended without a hearing", this Court will assume he is alleging a due process violation under the 5th and 14th Amendments of the United States Constitution.

However, even if Plaintiff's complaint is construed to state this claim, the Court is barred from hearing claims arising from ongoing state court proceedings under the Younger abstention doctrine. Younger v. Harris, 401 U.S. 37 (1971); see also Gilbert v. Ferry, 401 F.3d 411 (6th Cir. 2005). Plaintiff's appropriate avenue of relief is to appeal the judge's recusal decision in the

state court system, although there might be difficulties in this endeavor. See Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813 (1986). As federal courts must abstain from hearing actions pending in state courts under Younger, the Court can provide no relief for Plaintiff's complaint.

In sum, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**, and this action is **DISMISSED** under section 1915(e), for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: October 31, 2007

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK